IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 10-00229-01-CR-W -DGK |
| DAMON E. GOODRICH, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

## ORDER DENYING MOTION IN LIMINE

Pending before the Court is Defendant Goodrich's "Motion in Limine" (Doc. 49) and the government's response (Doc. 58). Goodrich seeks to prohibit the expert testimony of Detectives Erica Pfeifer and Don Stanze because they were "not present at the scene and [do] not have first-hand knowledge of the crime scene" (Doc. 49). Alternatively, Goodrich argues that the probative value of these witnesses' proposed testimony is outweighed by the prejudice to him. Goodrich also seeks to exclude from evidence mail from his mailbox, which he alleges was taken without his permission "in violation of the federal rules." For the following reasons, Defendant's motion is denied.

1.  **The expert testimony of Detectives Pfeifer and Stanze is admissible.**

Goodrich seeks to exclude the testimony of Detectives Pfeifer and Stanze, arguing that their testimony is "mere conjecture, not based on any sound data" because they were not present at the scene of the crime (Doc. 49). Goodrich is charged with being a felon in possession of a firearm (Count 1), possession with intent to distribute less than fifty kilograms of marijuana (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3). The

government seeks to introduce the Detectives' testimony to establish a nexus between the Defendant's possession of the charged firearm and the drug crime, such that this possession had the effect of "furthering, advancing, or helping forward the drug crime." *United States v. Sanchez-Garcia*, 461 F.3d 939, 946 (8th Cir. 2006) (citing *United States v. Hamilton*, 332 F.2d 1144, 1149-50 (8th Cir. 2003).

The Court finds that that this evidence should not be excluded; it is admissible and its probative value is not outweighed by risk of unfair prejudice to the Defendant. First, the Defendant has not requested a *Daubert* hearing to determine whether the Detectives are properly qualified as experts. However, even in the absence of a hearing, the Detectives qualifications show that both are highly knowledgeable regarding narcotics transactions and properly identified as expert witnesses. Detective Pfeifer worked for seven years for the Kansas City, Missouri Police Department in the investigation of narcotics trade. For two years she was an undercover officer with the Narcotics and Vice Division of the Street Narcotics Unit. Similarly, Detective Stanze has been with the Narcotics Unit of the Kansas City, Missouri Police Department since 1999, most recently working in the Narcotics Division of the Gang Unit. Both Detectives have testified in federal court hearings regarding narcotics trafficking, and their expert testimony will be limited to their opinion that the quantity of marijuana recovered is consistent with distribution, that the firearm was used in connection with drug trafficking, and that the scales, currency, and ballistic vest are consistent with their experience in drug trafficking. Finally, there is no requirement that experts have first-hand knowledge of a crime scene or be present during a search in order to testify. Under Federal Rules of Evidence 703, an expert can base her opinion on information of a type reasonably relied upon by experts in that particular field.

Next, the evidence is relevant, and its probative value is not outweighed by prejudice to the defendant. Here, the testimony that the quantity of marijuana used is consistent with distribution and that the firearm was likely used in connection with drug trafficking is highly probative. Evidence that the Defendant simultaneously possessed drugs and a firearm, without more, is insufficient to establish that Defendant possessed the firearm to facilitate the drug crime. *Sanchez-Garcia*, 461 F.3d at 946-47; *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006). To determine whether the firearm was possessed in furtherance of a drug trafficking offense, the government must present additional evidence. Under Federal Rule of Evidence 702, this additional evidence may be the testimony of a witness whose skill, knowledge, training, experience, or education will assist the trier of fact in understanding the case. Many courts have found that the drug trafficking business and modus operandi of drug dealers is unfamiliar to jurors. *United States v. Robertson*, 387 F.3d 702, 704 (8th Cir. 2004); *United States v. Molina*, 172 F.3d 1048, 1056 (8th Cir. 1999). Thus, under Rule 702, the court may allow the testimony of witnesses Pfeifer and Stanze whose testimony will help the jury understand the business of drug trafficking. *See Robertson*, 387 F.3d at 704.

Finally, the Defendant has established no basis for his assertion that this evidence's probative value is outweighed by prejudice or that the evidence could add confusion to the jury. *See United States v. Jongewaard*, 567 F.3d 336 (8th Cir. 2009) ("Although [defendant] describes the evidence as 'highly prejudicial,' he has not shown that its potential for unfair prejudice substantially outweighed its probative value."). Accordingly, Defendant's motion is denied.

2. **Defendant's mail is admissible.**

Defendant also seeks to exclude a utility bill from within his mailbox based on the belief that it was illegally seized from his residence. The government argues that the seizure of the

utility bill is a suppression issue not properly raised in a motion in limine. Additionally, the government argues that the Defendant provided consent to search the house, thereby allowing the government to properly seize his mail. The government seeks to introduce evidence of Defendant's mail to prove that Defendant had possession and control of the evidence found within and around his residence, including the recovered marijuana and firearms. *See United States v. Sanchez*, 252 F.3d 968, 972 (8th Cir. 2001) ("In order to establish a violation of 21 U.S.C. § 841(a)(1), the government had to prove beyond a reasonable doubt that [defendant] knowingly possessed and intended to distribute the marijuana found in the tractor trailer.").

The evidence here is admissible. The Defendant has cited no rule the government violated in obtaining the mail from Defendant's mailbox, nor does he cite any case law to support his position. United States Magistrate Judge Sarah W. Hays has already held a suppression hearing during which Defendant did not raise this issue. In addition, Judge Hays properly found that the Defendant provided consent to the search of his residence without undue influence. Accordingly, there are no grounds to exclude this evidence, and Defendant's motion is denied.

For the foregoing reasons, Defendant's "Motion in Limine" is DENIED.

**IT IS SO ORDERED.**

DATE: October 18, 2011  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT